**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JONTHAN LEE RICHES,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:07CV150-MP/AK**

**ONSTAR CORPORATION, and
FLORIDA GATORS BASKETBALL TEAM,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint alleging a conspiracy between ONSTAR Corporation, the Uniform Commercial Code, and the George Bush Administration to put a tracking and monitoring device in American automobiles for unspecified nefarious purposes. (Doc. 1). Although he sues the Florida Gators Basketball Team, Plaintiff does not mention the team in the text of his complaint, and it is unclear how they figure in the conspiracy theory. The complaint is not on the proper forms and was not accompanied by a motion for leave to proceed *in forma pauperis*. Typically, the Court would request that a motion be filed for leave to proceed *in forma pauperis,* inmate account information obtained, and that the complaint be amended. Given the nature of the claims asserted, the Court finds that the complaint should be dismissed at this stage of the proceedings *sua sponte* without any additional effort by the Clerk's Office or chambers to attempt to collect a filing fee or to obtain an amended complaint.

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was frivolous or malicious.[1]  Neitzke recognized two types of cases which may be dismissed, *sua sponte*.  In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless."  *Id.*  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit.  Within the latter are those cases describing scenarios clearly removed from reality.  Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990)(citing Neitzke).

It has also been held that upon receiving a complaint with allegations equally as bizarre as those presented within the case at bar, a court may dismiss sua sponte a complaint, even if the filing fee was paid in full.  See Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), *affirmed* 41 F.3d 1500 (2nd Cir. 1994) ("[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." )

> The policies arguing against sua sponte Rule 12(b)(6) dismissals do not apply in these circumstances.  The author of claims as irrational as these cannot be regarded as subject to the economic incentive to refrain from frivolous actions imposed by filing fees and court costs upon rational paying litigants. . . .  If this Court cannot order sua sponte dismissal of this complaint under Rule 12(b)(6), no district court can ever dismiss sua sponte any complaint under the Rule.  I do not think that is the law.

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

Tyler, 151 F.R.D. at 540.  Plaintiff in the case at bar has presented conclusory allegations that are clearly removed from reality and are frivolous.  No Defendant should be put to the expense of answering such a complaint, and the Court should not be required to waste additional resources in sending out additional forms or orders to obtain an amended complaint.  There is also a fundamental unfairness inherent in seeking the filing fee from an inmate for filing a complaint that exhibits little reason or reality.  Therefore, summary dismissal of this action is appropriate pursuant to Fed. R. Civ. P. 12(b)(6).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this   *17th*   day of October, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**